# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOODS SERVICES, INC. <br><br> v. <br><br> DISABILITY ADVOCATES, INC., *d/b/a* Disability Rights New York | CIVIL ACTION <br><br> NO. 18-296 |

**MEMORANDUM RE:**
**DISPUTE CONCERNING CONFIDENTIALITY OF DOCUMENTS**

Baylson, J.                                                                                                 October 10, 2018

## I.  Introduction

In this defamation suit, Plaintiff Woods Services, Inc. ("Plaintiff") moves to compel discovery from Defendant Disability Advocates, Inc. d/b/a Disability Rights New York ("Defendant").

Although the parties have come to an agreement on this dispute, the Court will file this memorandum as it may be a first determination of the confidentiality Defendant asserts is required by congressional action.

## II.  Relevant Factual and Procedural History

### A.  The Alleged Defamation

This case arises from a public report (the "DRNY Report") issued by Defendant on October 30, 2017, detailing purported abuse and neglect of New York residents in the care of Plaintiff, a provider of residential, educational, and clinical services to children and adults with developmental disabilities. (ECF 1, "Compl." ¶ 1; ECF 42, "Am. Counterclaims" ¶ 16). Defendant represents that it is a Protection and Advocacy System ("P&A System"), and alleges that it is mandated by federal law to investigate allegations of abuse and neglect on behalf of

1

New York residents with disabilities. (Am. Counterclaims ¶ 12). According to Plaintiff, all investigations and inquiries have generally found no basis for the DRNY Report's allegations of abuse and neglect. (Compl. ¶ 3). Plaintiff thus responded by posting to its website a document entitled "Woods' Response to the DRNY Report," which Defendant alleges contained false, misleading, and defamatory statements about Defendant and its staff. (Am. Counterclaims ¶¶ 17–19).

Plaintiff filed its Complaint on January 24, 2018, bringing causes of action against Defendant for defamation, commercial disparagement, intentional interference with contractual relationships, and intentional interference with prospective contractual relationships. On June 4, 2018, Defendant timely answered Plaintiff's Complaint and brought Counterclaims. (ECF 32). Defendant amended its Counterclaims as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1)(B). The Amended Counterclaims allege defamation, retaliation under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, common law abuse of legal process, and violation of New York's Anti-SLAPP law.

### B. Discovery Dispute About Confidentiality of Defendant's Records

On July 31, 2018, Plaintiff filed a Motion to Compel Production of Documents and Information Withheld as Confidential. (ECF 44, "Mot."). The Motion takes issue with Defendant's position that it need not respond to numerous of Plaintiff's Interrogatories and Document Requests on the basis of confidentiality. Plaintiff argues that Defendant must respond to the discovery requests because the information is not protected by an evidentiary privilege, because Plaintiff's own confidentiality obligations obviate any concerns regarding the subject matter at issue, and because the Court's pre-existing protective order is sufficient to protect the sensitive information. Id.

In response, Defendant argues that Plaintiff has not made a good faith effort to resolve the dispute, the Motion to Compel is premature, and the scope of Defendant's confidentiality obligations should bar Plaintiff's sought-after discovery. (ECF 47, "Opp."). Defendant contends that this case presents a novel issue of first impression—whether a residential facility for people with disabilities can obtain in litigation records and documents from a P&A System when that P&A System previously investigated the facility and is currently monitoring that facility. (Id. at 6). Defendant explains the origins, structure, and purpose of P&A Systems in order to add some weight to its position that it should not have to disclose the information it collected in the course of its investigation. (Id. at 9–11). In particular, Defendant points to regulations issued by the Department of Health and Human Services, specifically 45 C.F.R. § 1326.28, and confidentiality regulations issued pursuant to the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801 et seq. ("PAIMI"), specifically 42 C.F.R. § 51.45. (Id. at 15–17).

This Court held oral argument on the Motion to Compel on Thursday, September 20, 2018.

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 37, parties may move for an order compelling discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Further, rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Accordingly, a

court's decision regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

## IV. Discussion

The Third Circuit has held that "[s]tatutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts." See Pearson v. Miller, 211 F.3d 57, 68 (3d Cir. 2000). In Pearson, a child-services organization opposed a motion to compel discovery regarding the organization's knowledge about a foster child's violent sexual propensities because Pennsylvania's Child Protective Services Law, 23 Pa. Cons. Stat. § 6301 et seq., and Juvenile Act, 42 Pa. Cons. Stat. § 6501 et seq., mandated that the organization keep the records confidential.[1] Noting that neither statute contained the word "privilege," the Third Circuit held that the organization could not shield itself from the requested discovery. Id. at 68. Confidentiality provisions in federal statutes have likewise been found not to create a privilege from discovery obligations. See Lei Ke v. Drexel Univ., No. 11-6708, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014) (explaining that records protected from disclosure under the Family Education Rights and Privacy Act are not "privileged" and that a court must undertake a "balancing test" to determine whether the records should be withheld in discovery). Even regulations promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") allow a party to produce confidential information "[i]n response to a subpoena, discovery request, or other lawful process" provided

---

[1] The foster child at issue in Pearson had waived his confidentiality interests and the child-services organization was therefore arguing that the Court should recognize a privilege to keep the organization itself from being compelled to produce information about the child's behavior. Id. at 69.

that "reasonable efforts have been made by such party to secure a qualified protective order." 45 C.F.R. § 164.512(e)(1)(ii)(B).

Despite these sources, including a precedential Third Circuit case, Defendant asks this Court to divine an absolute privilege from the confidentiality provisions of two federal regulations—45 C.F.R. § 1326.28 and 42 C.F.R. § 51.45—because of Defendant's status as a P&A System. As this Court advised counsel at the oral argument, we decline to recognize such a privilege, as a complete bar for discovery of the underlying information relevant to this case.

Defendant relies on Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of Public Instruction, 463 F.3d 719 (7th Cir. 2006) to argue that P&A System records are entitled to a "heightened level of confidentiality . . . above the general confidentiality contained in other laws." Opp. at 19. But Disability Rights, which analyzed whether a P&A System was entitled to discovery of certain records maintained by the Wisconsin Department of Public Instruction, is inapposite to Defendant's case. Defendant is not seeking to obtain another party's confidential records, but rather is seeking to shield its own confidential records from the discovery process.

There is no doubt that the records and information Defendant collects in the course of an investigation are confidential and entitled to some protection. Yet Defendant presents no compelling reason why the protections already in place—namely, a Stipulated Protective Order signed by this Court on July 12, 2018 (ECF 41)—are insufficient under the law.[2]

---

[2] This Court is aware of only one prior decision addressing whether a P&A System can resist the production of documents on the basis of regulatory confidentially provisions. See Disability Law Center of AK, Inc. v. North Star Behavioral Health Sys., No. 3:07-cv-00062, 2008 WL 616054 (D. Alaska Mar. 3, 2008). Although the District of Alaska allowed the P&A System to withhold certain documents on the basis of 42 C.F.R. § 51.45(a), id. at *4, the facts are distinguishable from this case and the decision is inconsistent with Pearson.

5

At oral argument, this Court directed the parties to attempt to agree on a written protocol by which the information can be produced in a confidential manner. The parties submitted a Stipulated Order memorializing their agreement, and the Court signed and entered the Order on September 28, 2018. (ECF 65). To the extent the parties continue to dispute whether Defendant's records are discoverable, this Court will decide such disputes with the above principles in mind.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 18\18-296 Woods Services v Disability Advocates\18cv296 Memo re Mot to Compel.doc